IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **MICHAEL DAHN WEBB** | § | |
| | § | |
| **V.** | § | No. 5:23CV80-RWS-JBB |
| | § | |
| **CAR-MART and BUBBA GREEN'S** | § | |
| **TOWING COMPANY** | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The above *pro se* case has been referred to the undersigned Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The Court *sua sponte* recommends Plaintiff's above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

On July 27, 2023, Plaintiff Michael Dahn Webb ("Plaintiff"), a prisoner confined at Bowie County Correctional Center, filed this civil action against Car-Mart and Bubba Green's Towing Company (collectively, "Defendants"). Plaintiff alleges as follows:

> I got pulled over Jan. 1st, 2023. My 2009 Chevy HHR got impounded at bubba greens towing complaint. I bonded out on March 1st, 2023 to find out that Car-Mart in Conway Ar. had re-poed my car, which had all my belongings – included on attached document – cleaned [sic] out & gotten rid of everything I owned & sold my car, without notification or opportunity to get my belongings or make payments to keep my car. I had already paid almost 7,000 dollars on this car, that was marked on the lot for $7,999. I am fully convinced this had/has happened in order to get more money than I had left to pay on this vehicle. Minimum I paid was 5-6 thousand dollars at time of arrest towards car!

Dkt. No. 1 at 4. Plaintiff is suing for "theft of property, loss of wages, mental anguish & emotional damage in the amount of $30,000 dollars." *Id.*

1

On August 23, 2023, the undersigned issued an Order, noting a review of the complaint raises the question of whether this Court has jurisdiction over the above-entitled and numbered cause of action and further noting Plaintiff did not pay the full filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP") with his form complaint. Dkt. No. 2. The undersigned ordered Plaintiff, within twenty (20) days of receipt of the August 23 Order,[1] to (1) file an amended complaint curing the deficiencies identified herein; and (2) either pay the $402.00 filing fee or file a proper motion to proceed IFP with an attached verified certificate of inmate trust account. *Id.* at 1. The undersigned advised Plaintiff that failure to timely comply with (1) and (2) above would result in a recommendation that Plaintiff's complaint be dismissed. *Id.*

On September 8, 2023, Plaintiff filed a notice which was docketed as two motions: a motion to transfer and a motion for appointment of counsel. Dkt. Nos. 4, 5. In the notice, Plaintiff states as follows:

> I would like to ask that my lawsuit be moved to the Western District of Arkansas, I did not realize that I filed it in the Eastern District of Texas. This is the first time I have ever filed a lawsuit & therefore, I honestly don't know how to go about doing this.
>
> I would also like to request legal counsel for my case that way this doesn't continue to happen and so I will be able to know that things are being done properly on my end of the case. I do not have the money to employ counsel and so I humbly ask the "Court for help with representation & forgiveness in filing in the wrong court, it was an honest mistake & has made me realize that I need help with legal counsel if that is at all possible please!!
>
> I have also requested a 6 month history & verified certificate of inmate trust account & have not received it yet. I will send it ASAP, as soon as I receive [sic] it! Thank you for your time and consideration in this matter. God bless!

*Id.* On September 13, 2023, the Court received Plaintiff's Application to Proceed *In Forma Pauperis* with attached trust fund data sheet. Dkt. No. 6. Although Plaintiff filed a proper IFP motion as ordered, Plaintiff has not filed an amended complaint as ordered.

---

[1] Plaintiff acknowledged receipt of the August 23 Order on August 25, 2023. Dkt. No. 3.

## SUBJECT MATTER JURISDICTION

The court must always examine the threshold question of whether it has subject matter jurisdiction. *Garrison v. Dep't of Energy*, No. 5:22CV34-RWS-CMC, 2022 WL 1206673, at *1 (E.D. Tex. Mar. 2, 2022), *report and recommendation adopted*, No. 5:22-CV-00034-RWS, 2022 WL 1204095 (E.D. Tex. Apr. 22, 2022) (citing *Stebbins v. Texas*, No. 3:11-CV-2227-N BK, 2011 WL 6130403, at *2 (N.D. Tex. Oct. 24, 2011), *report and recommendation adopted*, No. 3:11-CV-2227-N BK, 2011 WL 6130411 (N.D. Tex. Dec. 9, 2011)). That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *Id.* (citing *Stebbins*, 2011 WL 6130403, at *2 (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); also citing FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."))).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or by Congress. *Johnson v. U.S.*, 460 F.3d 616, 621 n. 6 (5th Cir. 2006). Thus, the Court has an independent duty to examine its own subject matter jurisdiction. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). A district court's original jurisdiction consists of either federal question jurisdiction or diversity jurisdiction. *Hitchins v. Gale*, No. 2:18-CV-95, 2018 WL 7502403, at *5 (S.D. Tex. Nov. 7, 2018), *report and recommendation adopted*, No. 2:18-CV-95, 2019 WL 1003141 (S.D. Tex. Mar. 1, 2019) (citing 28 U.S.C. §§ 1331, 1332).

## DISCUSSION

Because Plaintiff chose to file a lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he fails to do so, this lawsuit must be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction.").

As explained in the August 23 Order, Plaintiff has not pleaded a federal cause of action that would satisfy the Court's federal question jurisdiction. Dkt. No. 2 at 3. Rather, Plaintiff only alleges "theft of property, loss of wages, mental anguish & emotional damage." *Id.* (quoting Dkt. No. 1 at 4). Plaintiff's complaint does not allege a violation of his constitutional rights (i.e., claims pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth and Fourth Amendment rights resulting from the impoundment of his vehicle). Nor does the complaint contain any facts to suggest that Defendants, who are private companies, may be considered state actors for purposes of § 1983. *See Bey v. Due*, No. 6:19-CV-00239-JDK, 2019 WL 5061183, at *3 (E.D. Tex. Sept. 18, 2019), *report and recommendation adopted*, No. 6:19-CV-239-JDK-JDL, 2019 WL 4981599 (E.D. Tex. Oct. 8, 2019) (citing *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1322 (9th Cir. 1982) ("A private towing company acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws, acts under color of state law for purposes of section 1983.").

Additionally, Plaintiff's original complaint fails to show the Court has diversity jurisdiction. Although Plaintiff alleges Car-Mart is located in Conway, Arkansas and Bubba Green's Towing Company is located in Texarkana, Texas, the original complaint does not reflect where Plaintiff lived prior to incarceration. *Id.* at 5 (noting that for purposes of venue, "[o]ne does not change his residence to the prison by virtue of being incarcerated there" and further noting that an incarcerated person resides in the district where he was legally domiciled before his incarceration). *Id.* In addition to the issue of complete diversity between the parties, the allegations in the original complaint do not show that the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). Rather, on the face of his original complaint, Plaintiff asks for an award of $30,000. *Id.* (citing Dkt. No. 1 at 4).

Because Plaintiff is not represented by counsel, the undersigned explained that before recommending this case be dismissed without prejudice for lack of subject matter jurisdiction, the

4

Court would allow Plaintiff twenty days in which to amend his complaint, to clearly establish this Court has either (1) federal question jurisdiction or (2) diversity jurisdiction, or both. *Id.* at 6. In the August 23 Order, the undersigned instructed the Clerk of the Court to forward to Plaintiff, along with the August 23 Order, a copy of the form general complaint from the Eastern District of Texas's website as well as the form application to proceed IFP – Prisoner. *Id.* at 7. The Court further ordered Plaintiff to file, within twenty days from the date of receipt of the Order, the attached form general complaint, which would be deemed an amended complaint, addressing the following: (1) a concise statement of each of the claims which Plaintiff wishes to raise, together with the facts giving rise to each of these claims, including the dates of occurrences of these events, if known. Plaintiff is instructed that he must set out specific facts, not merely conclusory allegations; (2) the individual or individuals whom the Plaintiff wishes to name as defendants in this lawsuit and the complete address for each defendant; (3) a statement showing how each named defendant is involved in the facts forming the basis of the lawsuit; (4) the harm which Plaintiff suffered as a result of the facts forming the basis of this lawsuit; (5) the specific relief sought by the Plaintiff in this lawsuit; and (6) facts which clearly establish this Court has jurisdiction over this cause of action. Plaintiff was specifically advised that failure to file the amended complaint and/or to cure the deficiencies described in the August 23 Order may result in a recommendation that this action be dismissed for failure to prosecute and obey a court order. *Id.* (citing FED. R. CIV. P. 41(b)).

As of this date, the Court has not received an amended complaint clearly establishing that this Court has either (1) federal question jurisdiction or (2) diversity jurisdiction, or both. Plaintiff did not file an amended complaint, as ordered, that demonstrates this Court has subject matter jurisdiction over his cause of action.[2] The burden of proof is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E. D. Tex. 1995), *aff'd*, 102 F.3d 551 (5th Cir.

---

2 A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *see also* FED. R. CIV. P. 41(b).

1996). Plaintiff has not met his burden.

The undersigned does not recommend the case be transferred to the Western District of Arkansas as requested by Plaintiff in his September 8, 2023 notice.[3] Because Plaintiff has not properly alleged a federal question or complete diversity of parties and the requisite amount in controversy for a diversity action, and because Plaintiff has failed to obey an order of this Court, the undersigned recommends Plaintiff's cause of action be dismissed without prejudice to refiling. Based on the foregoing, it is

**RECOMMENDED** that the above-entitled and numbered cause of action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for failure to obey an order of the Court.

Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto.*

---

[3] Plaintiff is advised that he would have to establish federal question jurisdiction in any federal court (either by alleging facts which show the court has federal question jurisdiction or diversity jurisdiction or both). To the extent Plaintiff cannot do so, Plaintiff is advised to consider a state lawsuit.

*Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 27th day of September, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE